**GANZER v. CHAPMAN & BARNARD et al.**

No. 22638. Opinion Filed May 3, 1932.

West, Gibson, Sherman, Davidson & Hull, for petitioner.

Cheek & Lee and Ray Teague, for respondent, Chapman & Barnard.

CULLISON, J. This is an original proceeding before this court to review an order of the State Industrial Commission made and entered July 29, 1931, in an action then pending before it, wherein Wilbur Ganzer was claimant and Chapman & Barnard his employers.

Said order here sought to be reviewed is in words and figures as follows, to wit (omitting caption):

"Order.

"Now, on this 29th day of June, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing had before Commissioner Mat McElroy, at Pawhuska, Okla., on June 12, 1931, to determine liability and extent of disability, at which hearing claimant appeared in person and by his attorney, John Rogers; respondent and insurance carrier being represented by H. E. Chambers.

"Having reviewed the testimony taken at said hearing, examined all records on file in said cause, and being otherwise well advised in the premises, the Commission is of the opinion that the employment in which claimant was engaged at the time of the accident complained of herein, to wit, operating a dredge in building ponds on the cattle ranch of the respondent herein, does not come within the purview of the Workmen's Compensation Law, section 7284 thereof.

"It is therefore ordered: That this cause be and the same is hereby dismissed for lack of jurisdiction of the Commission to hear and determine the issues herein.

"Opinion and Order by Commissioner Mat McElroy. Chairman Thos. H. Doyle and Commissioner Fred H. Fannin, concurring. MMcE:AJ. (Seal).

There is no dispute as to the facts in the case. The claimant, Wilbur Ganzer, was employed by the respondents to operate a dredging machine to dig ponds or tanks used for watering stock on the ranch operated by the respondents. While doing so the claimant was injured. He made a claim for compensation. The Commission, after having heard the testimony, concluded, as shown by the order heretofore quoted, that the employment in which claimant was engaged did not come within the purview of the Workmen's Compensation Law.

The sole question involved in this appeal, therefore, is whether the employment in which claimant was engaged was such employment for which his employer was liable under the Workmen's Compensation Law of Oklahoma. This question may be more concretely stated in this form:

"Question

"Can the employee of one engaged in the business of stock raising or agriculture, employed to dredge, construct, or build ponds, using a machine for that purpose, for the improvement of the ranch and as an incident to the conduct and operation of the ranch, recover compensation for an injury sustained while so employed?"

Section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923, enumerates the employments intended to be covered and included in the Compensation Act. Various classifications of industries are included, and others excluded, by language as follows:

"Section 7283. Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: factories, * * *dredges, * * *farm buildings, and farm improvements excepted. * * *"

Section 7284, C. O. S. 1921, as amended by section 2, chapter 61, Session Laws 1923,

contains the definitions of terms as used in the Compensation Act. Subdivision 1 thereof reads as follows:

"Section 7284, subd. 1. 'Hazardous employment shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupation, or trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce."

Subdivision 5 of said section defines "employment" as follows:

Section 7284, subd. 5: " 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

Subdivision 10 of the same section is as follows:

Section 7284, subd. 10: " 'Factory' means any undertaking in which the business of working at commodities is carried on with power-driven machinery, either in manufacture, repair, cleaning, or assorting, and shall include the premises, yard and plant of the concern, but shall not include any such plants or machinery used on farms."

Subdivision 15 of the same section reads as follows:

Section 7284, subd. 15: "Where several classes or kinds of work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

There are many decided cases in which was considered the question of whether or not certain injured employees engaged in work on farms are exempted from the act. The general conclusion of law has been stated to be as follows:

"In view of this general practice of excluding farming from the operation of the Compensation Acts, the question frequently arises as to who is a farm employee within the meaning of the statute. It will be observed from the cases set out herein that the wording or phraseology of the provisions of the statute excluding those engaged in farming is by no means uniform in the various statutes. * * *

"The most that can be said is that an employee doing work for a farmer, which is ordinarily incidental to farming as that occupation is generally understood, is within the purview of the exclusion of farm laborers, unless at the time of the injury he was employed by a commercial concern under a contract to perform work for the farmer; while the doing of work not inherently farm work is not farm labor though incidentally it may be at the instance of one actually engaged in farming." 35 A. L. R. 208, note.

We find that the injured employee was doing work on a ranch incident to the conduct of stock raising, and when injured was in the employ of the owner of the ranch.

Section 7283, supra, when construed as a whole, and in connection with the other sections cited, means that if any of the instrumentalities or machinery or occupations therein designated are used in connection with farming, or in the construction of farm improvements, such hazardous employment is specifically exempted from the act.

In view of the facts in the case at bar, and section 7284, subd. 1, supra, we cannot agree with petitioner's contention that the term "farm," "farm buildings," "farm improvements," etc., is not synonymous with stock raising or ranching. A ranch has been held to be a farm within the meaning of the Compensation Acts. Larson v. Industrial Accident Commission (Cal.) 224 P. 744; Gordon v. Buster (Tex.) 257 S. W. 221. See, also, 2 C. J., sec. 1, p. 988, and Davis v. Industrial Commission of Utah (Utah) 206 P. 267.

After careful consideration of the case at bar, we conclude and hold: That the employee of one engaged in the business of stock raising or agriculture, employed to dredge, construct, or build ponds, using a machine for that purpose, for the improvement of the ranch and as an incident to the conduct and operation of the ranch, does not come within the purview of the Workmen's Compensation Act, and said employee cannot recover compensation for an injury sustained while so employed.

The order of the State Industrial Commission is affirmed.

LESTER, C. J., and SWINDALL, ANDREWS. McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) annotation in 7 A. L. R. 1296; 13 A. L. R. 955; 35 A. L. R. 208; 43 A. L. R. 954; 28 R. C. L. 718, 719; R. C. L. Perm. Supp. p. 6189; R. C. L. Pocket Part, title Workmen's Compensation, § 11.