## WILSON v. O'DONNELL et al.

No. 29233.    March 26, 1940.

*100 P. 2d 889.*

Ray McNaughton, of Miami, for petitioner.

A. L. Commons, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    This is an original proceeding in this court brought by Charles B. Wilson, hereafter referred to as petitioner, to obtain a review of an award which was made by the State Industrial Commission in favor of Harry O'Donnell, hereafter referred to as respondent.

The sole issue presented for determination is whether the State Industrial

Commission had jurisdiction to make any award in the premises. The essential facts are not in dispute. The respondent, an employee of the petitioner, was injured while working on a farm building. The work was being done under a contract between the petitioner and the owner of the farm.

It is contended by petitioner that, since respondent was working upon a farm building when he was injured, he came within the exception which excludes workmen injured while so employed from compensation benefits to which they would otherwise be entitled under the Workmen's Compensation Act. The respondent concedes that had he been employed by the owner of the farm, he would not have been entitled to claim compensation, but urges that since his employer was a general contractor, the exception made in the statute (section 13349, O. S. 1931, 85 Okla. St. Ann. § 2) does not apply to his case.

The solution to the controversy is to be found in the statute and certain prior decisions of this court. The pertinent portion of the statute in question reads as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: * * * buildings being constructed, repaired or demolished, farm buildings and farm improvements excepted. * * *"

It will be observed that, while the Legislature declared that the construction, repair, and demolition of buildings constituted a hazardous employment, it also declared that this was not the case when farm buildings and farm improvements were involved. The exception so made is specific and direct and applies to the thing upon which the work is being done and not to the person for whom the work is being done. We have heretofore held that the effect of the exception is to exempt from the operation of the Workmen's Compensation Law the employment. See Ganzer v. Chapman & Barnard, 157 Okla. 99, 11 P. 2d 115; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P.2d 298.

That the jurisdiction of the State Industrial Commission to award compensation in any case is limited to employees who are engaged in a hazardous employment as defined by the Workmen's Compensation Act is too well settled to require discussion. See City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694.

Since the respondent sustained his injury while engaged in an employment which was specifically exempted from the operation of the Workmen's Compensation Act, the State Industrial Commission was without jurisdiction to make any award in the premises and should have dismissed the claim. It therefore becomes our duty to vacate the award and to direct the proper action.

Award vacated, with directions to dismiss the claim.

BAYLESS, C. J., and RILEY, CORN, HURST, and DAVISON, JJ., concur.