## Protest of HYDE et al.

No. 29949. Feb. 4, 1941.

*110 P. 2d 292.*

William M. Franklin, of Oklahoma City, for appellants.

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for respondents.

HURST, J. Protestants appeal from the denial by the Oklahoma Tax Commission of their protest against the issuance and enforcement of Order No. 8529. That order made on January 2, 1940, confined the exemption from the motor fuel tax granted in section 8, art. 14, ch. 66, S. L. 1939, exclusively to motor fuel used by farmers in farming lands owned or farmed by them, and denied the exemption on motor fuel purchased by farmers when used by them on farms operated by others. Protestants assert that such order disregards the plain language of the statute, and places a limitation on the exemption not warranted by the provisions of the act.

Section 8 is as follows:

"(a) Every person actually engaged in farming within the state of Oklahoma buying motor fuel in quantities of not less than fifty (50) gallons at one time to be used as fuel for farm tractors or stationary engines owned and operated by the purchaser of such motor fuel and used exclusively for agricultural purposes within the state, who has obtained an agricultural exemption permit therefor, as provided in this act, shall be allowed to purchase such motor fuel without paying the tax levied by this act.

"(b) Every person claiming an exemption under the provisions of this section shall first obtain an annual agricultural exemption permit from the Tax Commission by filing an application verified by affidavit on a form prescribed and furnished by the Tax Commission, which application shall contain the name, address and occupation of the applicant and a description of each tractor or stationary engine in which the motor fuel will be used, including the make of tractor or stationary engine, year made, engine number, horse power, current registration number and the county in which the tractor or engine is registered. *The application must also show the legal description of the land owned, leased or rented, the actual number of acres in cultivation and such other information as the Tax Commission may require.* Upon approval of such application by the Tax Commission an agricultural exemption permit shall be issued bearing a distinctive number. The Tax

Commission shall keep a permanent record of all permits issued and a cumulative record of the amount of exemptions claimed under each permit. All such permits expire on the 31st day of December of each year and no agricultural exemption shall be allowed to the holder thereof after March 31st of the following year." (Italics ours.)

While tax exemption statutes are strictly construed against the exemption (Board of Equalization of Oklahoma Co. v. Bonner, 185 Okla. 431, 93 P. 2d 1077), yet such construction may not change the language of such a statute so as to give it an effect not intended by the Legislature. Choctaw, O. & G. R. Co. v. Alexander, 7 Okla. 591, 54 P. 421; In re Assessment of Champlin Refining Co., 186 Okla. 625, 99 P. 2d 880. A careful study of the statute quoted above impels the conclusion that the limitation placed on the exemption by the protested order is not justified by the language of the statute, but is contrary thereto.

Paragraph (a) sets out all the requirements for exemption under the law. They are (1) that the person claiming the exemption be actually engaged in farming within the state; (2) that he purchase not less than 50 gallons of fuel at a time; (3) that he use the fuel in tractors and stationary engines by him owned and operated; (4) that the fuel be used exclusively for agricultural purposes; and (5) that the claimant obtain an exemption permit from the Tax Commission.

Paragraph (b) of the section requiring a report of the legal description of the land of the exemption holder does not, as urged by the Tax Commission, preclude protestants' construction, but merely insures compliance with the other requirements of paragraph (a) and enables the commission to determine if the fuel to be purchased is to be used in good faith for agricultural purposes. The commission may also request "such other information" as it may require. Such provision supports the reasoning that paragraph (b) merely provides the commission with means of enforcing the requirements of paragraph (a) and does not purport to impose additional ones, nor authorize the commission to do so, for otherwise it would be a blanket authorization for any additional requirements.

It is contended by the Tax Commission that when a stationary engine or tractor owned by a farmer is used in farming operations on lands other than those farmed by him, the use is commercial, and not for agricultural purposes. However, the use of such fuel in exchange work, or for hire on other farms, but exclusively for agricultural purposes, would not in itself stamp such use as commercial. All the statute requires in this regard is that the fuel be used "exclusively for agricultural purposes." We have no right to read into the act the provision that it be used on the land owned or rented by the purchaser, which we would impliedly do if we followed the argument of the Tax Commission. The case which defendants cite, Charpentier v. Cumming, 178 Minn. 519, 227 N. W. 663, involved a statute drawing an express distinction between commercial threshermen and those engaged in casual or exchange work.

A further consideration which militates against the order is that it discriminates in favor of the farmer whose extensive operations warrant the owning of a tractor and against the farmer engaged in less extensive operations. There is no language in the statute indicating that the Legislature intended such a result.

Reversed, with directions to vacate the order.

RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., dissents. WELCH, C. J., absent.