MATTISON et al. v. DUNLAP et al.

No. 30466. April 21, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 140.*

George F. Short, Welcome D. Pierson, George E. Fisher, and John F. Reed, all of Oklahoma City, for petitioners.

Bohanon & Adams, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 14th day of April, 1941, J. W. Dunlap, hereinafter referred to as respondent, filed his employee's first notice of injury and claim for compensation in which he stated that while employed as a carpenter and construction foreman for the petitioner R. E. Mattison & Company, he sustained an accidental injury arising out of and in the course of his employment when he fell from a scaffold and broke his right leg below the knee. The State Industrial Commission entered its award for temporary total disability and the petitioner R. E. Mattison & Company and the Associated Indemnity Company, its insurance carrier, which parties are hereinafter called petitioners, seek to review the award and have presented the single specification of error that the respondent at the time he was injured was engaged in the erection of farm buildings and farm equipment within the exclusion clause of 85 O. S. 1941 § 2.

With this contention we cannot agree. Petitioners cite and rely on Wilson v. O'Donnell, 187 Okla. 8, 100 P. 2d 889, and related authorities. In that case and similar cases, the facts clearly excluded the injured employee from the benefits of the Workmen's Compensation Law. In the case at bar the respondent was engaged in the erection and completion of a two-story three-car garage at the home of Charles France, an attorney in Oklahoma City. The acreage, consisting of about 20 acres of rough land traversed with ravines, was not planted, the livestock was limited to some saddle horses.

In Dorsett v. Watkins, 59 Okla. 198, 158 P. 608, this court was considering a lien in relation to landlord and tenant; therein it is stated:

"A 'farm,' " within the meaning of the statute giving the landlord a lien for rent, in standard and common acceptation, means a body of land under one ownership, devoted to agriculture, either to raising crops, or pasture, or both."

Therein the court cites Williams v. C. & N. W. R. Co., 228 Ill. 593, 81 N. E. 1135, which states the rule as follows:

"The word 'farm' has a well-defined meaning. The Standard Dictionary defines a farm as 'a tract of land under one control or forming a single property, devoted to agriculture, stock raising, dairy produce, or some allied industry.' Worcester's Dictionary defines it as 'a tract of ground cultivated or designed for cultivation by a farmer.' Webster's Dictionary defines it to be 'a piece of ground devoted by its owner to agriculture.' In People v. Caldwell, 142 Ill. 434, 441 (32 N.E. 691, 693), this court defined a farm as 'both by the standards and in common acceptation . . . to be a body of land, usually under one ownership, devoted to agriculture, either to the raising of crops, or pasture or both.'"

In O'Neill v. Pleasant Prairie Mutual Fire Ins. Co., 71 Wis. 621, 38 N.W. 345, it is stated that a man is not called a farmer and his place is not called a farm unless he has some considerable tract of land and cultivates it or uses it in some one of the usually recognized ways of farming.

In Dillard v. Webb, 55 Ala. 474, it is stated that agriculture is the act or science of cultivating the ground, especially in large quantities, including the preservation of the soil, the planting of seed, the raising and harvesting of crops.

Without any particular attempt to reconcile or analyze the statute involved, we refer to definitions of farms or farming in the following cases involving the Workmen's Compensation Law: Ganzer v. Chapman & Barnard, 157 Okla. 99, 11 P. 2d 115; Kendall v. McBurney, 52 Idaho, 65, 11 P. 2d 370; Dorrell v. Norida Land & T. Co., 53 Idaho, 793, 27 P. 2d 960; Prigden v. Murphy, 44 Ga. App. 147, 160 S.E. 701; Gordon v. Buster, 113 Tex. 382, 257 S.W. 220; Dowery v. State, 84 Ind. App. 37, 149 N. E. 922; In re Keaney, 217 Mass. 5, 104 N.E. 438; Peterson v. Farmers State Bank, 180 Minn. 40, 230 N.W. 124; and Koger v. A. T. Woods, Inc., 38 N. M. 241, 31 P. 2d 255.

What constitutes a farm must differ under the particular statute considered or the circumstances in the particular case. We do not cite the above cases for the adoption of the specific rule announced in any case, but rather to disclose the trend of the cases.

We are convinced, however, that under no accepted definition can the tract of land and the use to which it and the buildings thereon were put in the case at bar be called a farm. We further conclude that the garage being erected at the time the respondent was injured was not within the "farm buildings and farm improvements excepted" as provided in 85 O. S. 1941 § 2.

This being the sole issue discussed and presented, we conclude that the award of the State Industrial Commission is correct and the same is sustained.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY, BAYLESS, and DAVISON, JJ., absent.