RENNER v. BOARD OF COM'RS OF LINCOLN COUNTY et al.

No. 31785. April 10, 1945.

Rehearing Denied May 8, 1945.

*158 P. 2d 341.*

P. D. Erwin, of Chandler, for petitioner.

Walter F. Hill, County Atty., of Chandler, and Randell S. Cobb, Atty. Gen., for respondents.

WELCH, J. The petitioner for several years prior to the injury had been employed by the board of county commissioners of Lincoln county as a road worker operating a power grader. He was engaged exclusively in road work, except when farmers under the provisions of 69 O.S. 1941 §§ 344, 345, and 346, arranged with the county commissioners for the use of the county grading machinery for terracing and ditching work on their farms. Under such arrangement he was engaged in using such power grader in farm terracing at the time of the present injury.

The Industrial Commission denied an award upon the theory that claimant was not an employee of the respondent county at the time of the injury, and that at such time claimant was not working at such employment as is included in the Workmen's Compensation Act, 85 O.S. 1941 §§ 2 and 3.

Both questions are urged here, but we decide only the one relating to whether claimant was working in an employment covered by the act. Our conclusion that the order denying the award is proper must be the same whether claimant was the employee of the farmers, the county, or both.

Claimant asserts that he is entitled to an award by virtue of the following, contained in 85 O.S. 1941 § 2:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: . . . construction and engineering works . . . construction of public roads . . ."

Of course, the county does occasionally engage in "construction of public roads," but it is obvious that neither the county nor this claimant was so engaged at the time of the injury, nor was the work claimant was then doing such work as is incident to or connected with construction of public roads.

But claimant would say in effect that the county and the claimant were engaged at the time of the injury "in construction and engineering works." It often occurs that an employer is engaged in more than one character of employment, and though one of such employments comes within the Workmen's Compensation Act, and the employee is alternately employed in more than one of such employments, an award is not warranted unless the employee is working in the employment covered by the act at the time of injury. Beatrice Creamery Co. v. Industrial Commission, 174 Okla. 101, 49 P. 2d 1094; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. 2d 732; Padfield v. Atlas Supply Co., 167 Okla. 364, 29 P. 2d 958; Stayman v. McKellop, 165 Okla. 183, 25 P. 2d 701; Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. 2d 701, and Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. 2d 519.

If it be conceded that claimant was engaged in "construction work" or "engineering work" at time of injury, we have no doubt his employment would fall within the statutory exemption or exception specifically provided. The statute provides a specific exemption or exception as in the following language, "except employees engaged as . . . and shall not include any one engaged in agriculture, horticulture or stock raising, . . ." (85 O.S. 1941 § 3.) By reason of the exception of such employment from those to be characterized as "hazardous employments" under the act, it seems clear no award could be based upon employment in constructing farm terraces or in farm ditching in connection with terracing.

In Ganzer v. Chapman & Barnard, 157 Okla. 99, 11 P. 2d 115, one Ganzer was employed ". . . to operate a dredging machine to dig ponds or tanks used for watering stock on the ranch operated by the respondents." Therein we said:

"Section 7283, supra, when construed as a whole, and in connection with the other sections cited, means that if any of the instrumentalities or machinery or occupations therein designated are used in connection with farming, or in the construction of farm improvements, such hazardous employment is specifically exempted from the act."

The sections of the statute there referred to now appear in 85 O.S. 1941 §§ 2 and 3.

In Wilson v. O'Donnell, 187 Okla. 8, 100 P. 2d 889, in denying the right of award to a person injured while working on a farm building, where claimant was an employee of a contractor and not the farmer, we said with reference to the exception relating to farm buildings and farm improvements:

". . . The exception so made is spe-

cific and direct and applies to the thing upon which the work is being done and not to the person for whom the work is being done. . . ."

We think the conclusion of the commission was correct upon the theory that the claimant, employed in operating the grader, was engaged in agriculture within the meaning of the statutory exemption or exception. It seems clear that any such work in and upon farm land is a definite part of agricultural work or labor, and that any one engaged in such work is, within expressed legislative intent, "engaged in agriculture."

While we have not yet passed upon the identical question, we have indicated the general policy as to construction of agricultural exemptions in the above cited cases and in Protest of Hyde, 188 Okla. 413, 110 P. 2d 292.

Cases clearly analogous to the one at bar have been considered in other jurisdictions and they also illustrate the general policy of construing such an exemption or exception as we have here. In Wyoming, the Workmen's Compensation Act exempts "ranch, farm, agricultural or horticultural labor." While the language is slightly different, we think the exemption of "agricultural labor" is similar to our own provision exempting or excluding employees "engaged in agriculture."

The Supreme Court of Wyoming, in the case of In re Roby, 54 Wyo. 439, 93 P. 2d 940, held that a person employed to work at and with a tractor-driven hay baler was engaged in agricultural labor notwithstanding the fact that his employer owned the machinery and operated it under commercial contract with the land and crop owner. The theory there followed is in keeping with our former expressions above quoted from the Wilson Case to the effect that the statutory exemption applied to the work being done and not to the person for whom the work is being done. The Wyoming opinion is well reasoned to the conclusion above noted, and while it cites some rulings

to the contrary, we believe its conclusion is sound.

In North Dakota the exemption or exception provided in the Workmen's Compensation Act applies to persons "employed in agriculture" so that such persons are not considered as being employed in a "hazardous employment" as defined in the act. The Supreme Court of that state, in Lowe v. North Dakota Compensation Bureau, 66 N. D. 246, 264 N.W. 837, 107 A.L.R. 973, considered the claim of one injured while working at and with a combine in harvesting and threshing grain. It was held that said employment came within the science and work of agriculture and that by the statute the claimant in that employment was not covered by the Workmen's Compensation Law. It was held to make no difference that claimant's employer owned the combine and by contract harvested and threshed the crop of the farmer. It being held that the statutory provision referred to the type of work being done rather than to the identity or business of the employer or to the form of the contract for the work, as in the (Wyoming) Roby Case, supra, and in the (Oklahoma) Wilson Case, supra.

The (North Dakota) Lowe Case, supra, in 107 A.L.R. 973, is followed at page 977 with an extended annotation showing support by the weight of authority as to the exception of "agricultural labor" as in Wyoming, or persons "employed in agriculture" as in North Dakota, or "any one engaged in agriculture" as in Oklahoma, or persons employed in "agricultural pursuit" as in Idaho, or one "engaged in agricultural work" as in Iowa.

The annotation shows some divergence of view in states where the exemption or exception applies to "farm laborers" as in Michigan, or "farm or agricultural laborers" as in Indiana. And it is held in some cases that the term "farm laborer" is ordinarily synonymous with the term "hired man," so as to exempt or except only the employee of the farmer, but not to ex-

empt the employee and operator of machinery owned by another and commercially used on the farm land.

It is noted, of course, that our state uses the broader language which makes the exemption or exception apply to and exclude "any one engaged in agriculture."

The cited cases and the extensive annotation referred to make it plain that one employed in terracing land or in operating a power grader in terracing land is in a work or employment definitely within the science and work of agriculture, and therefore is in an employment within the exemption of "any one engaged in agriculture," and therefore is specifically exempted and excepted from the Workmen's Compensation Law by the provisions thereof above cited.

The order of the commission is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.