JONES v. SMITH et al.

No. 33941. Sept. 20, 1949.
Rehearing Denied Nov. 1, 1949.

210 P. 2d 957.

Howard C. Triggs, of Oklahoma City, for petitioner.

Max E. Sater, of Stillwater, Looney, Watts, Ross, Looney & Smith, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. Claimant, Orval M. Jones, filed his claim with the State Industrial Commission stating that he sustained an accidental injury on April 15, 1949, while employed to build an apartment house for respondent, O. M. Smith. Hearings were conducted on the claim and at the conclusion thereof the State Industrial Commission entered an order denying an award and this proceeding is brought to review the order.

The evidence discloses without conflict that the respondent is a professor of chemistry at A. & M. College living in Stillwater, Oklahoma, and hired claimant as his foreman to build a four unit apartment house. Claimant, with four other men, was working on the second floor of the apartment building framing the stairway when he sustained the injury upon which the claim is based.

The State Industrial Commission denied the award for the reason that the employment was nonhazardous. There was no error in entering the order denying the award. The cases applicable are Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869; Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298. In Harris v. Wallace, supra, it is stated:

" 'Where an employer is engaged in a non-hazardous business, and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O.S. 1931, provides: 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain'."

In the case at bar claimant was employed to construct an apartment building for the owner, a college professor. In Harris v. Wallace, supra, the claimant was employed to repair two apartment buildings for the owner, an attorney. The fact situations are so similar as to be without legal distinction.

Claimant relies upon Diamond Ice Co. v. Seitz, 188 Okla. 54, 105 P. 2d 784, and Denbo v. Roark, 196 Okla. 386, 164 P. 2d 977. In Denbo v. Roark, supra, it is stated:

"Respondent cites 85 O. S. 1941 §3, subdivision 5, which reads as follows: ' "Employment" includes employment only in a trade, business or occupation

carried on by the employer for pecuniary gain.' And contends the facts bring the case before us within the decision in Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869; Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298, and related cases. Those cases hold that where an employer in a nonhazardous business employed someone to perform labor for him of a hazardous nature as an incident of such nonhazardous business, but not in conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Law."

After holding for the claimant, the court then stated:

"The opinion of this court as expressed herein in no way affects the decisions rendered in Meyer & Meyer v. Davis, Harris v. Wallace, Standard Savings & Loan Ass'n v. Whitney, supra, and related cases. In those cases under the facts the operations being carried on were without any element of direct pecuniary gain, voluntarily undertaken, and were upon buildings owned or occupied by them. Here the work was being done by an insurance company on a business building owned by the insured."

The order denying the award is sustained.

WELCH, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and JOHNSON, J., concur in result. DAVISON, V. J., dissents.