## EMPLOYERS CASUALTY CO. v. CARPENTER BROS. et al.

No. 33392.   March 27, 1951.

*229 P. 2d 592.*

Cheek, Cheek & Cheek, Oklahoma City, for petitioner.

Baxter Taylor, Oklahoma City, for respondents.

WELCH, J. James Butler Carpenter sustained accidental personal injury while engaged in the work of dismantling a wheat combine harvester. Claim for compensation was filed against Carpenter Brothers, contractors, as the respondent employer, and Employers Casualty Insurance Company as the respondent's insurance carrier. The combine was owned by the claimant and his brother, Sam Carpenter, Jr. The brothers also owned a tractor and a

truck and together operated a business of combining or harvesting wheat under contract with the owners of wheat fields, and did other farm work under contract with farm owners. During the harvest or combine season the brothers employed two helpers, and at other times one helper. The brothers testified they each drew a salary of $200 per month from the proceeds of their operations. At the time of the accident involved the harvest or combine season had closed and claimant was engaged in a work of preparing the combine machine for winter storage. At the time of the accident the brothers had an insurance policy in force which is styled "Standard Workmen's Compensation and Employers' Liability Policy." The policy was issued by the Employers Casualty Insurance Company to Sam Carpenter, Jr., and/or J. B. Carpenter.

The State Industrial Commission entered an order and award in favor of the claimant and ordered payment by respondent Carpenter Bros., contractors, or Employers Casualty Company, insurance carrier. The award as entered reflects a finding of liability under the terms of the insurance policy and the provisions of House Bill No. 234, Act of the Legislature of 1947 (85 O. S. Supp. §§65.1, 65.2, 65.3).

The cause and extent of the disability has not been questioned.

The insurance company, petitioners for review, assert that the Industrial Commission was without jurisdiction.

This court, in reviewing an award of the State Industrial Commission, must weigh the evidence as relates to jurisdiction and make its own independent finding of fact as pertains to the question of jurisdiction. City of Tulsa v. Wilkin et al., 201 Okla. 299, 205 P. 2d 295.

The claimant at the time of injury was engaged in duties in connection with an employment in farm work. Farm work is not such an employment as in name and nature is enumerated and defined as hazardous by statute, and by statute included in the Workmen's Compensation Law. 85 O. S. 1941 §§2, 3. Ganzer v. Chapman & Barnard, 157 Okla. 99, 11 P. 2d 115; Wilson v. O'Donnell, 187 Okla. 8, 100 P. 2d 889, and Renner v. Board of Commissioners of Lincoln County, 195 Okla. 400, 158 P. 2d 341. We note the claimant respondent herein makes no contention that his employment was subject to the Workmen's Compensation Law other than by reason of the existence of the insurance in force at the time of his injury as was held by the commission.

The 1947 Act, supra, in its valid provisions, secs. 2 and 3, 85 O. S. Supp. §§65.2 and 65.3, provides that a person's employment, not otherwise subject to the Workmen's Compensation Law, is made subject thereto when such person's employment is scheduled, considered and used in determining the amount of premium paid and received for workmen's compensation insurance. National Bank of Tulsa Bldg. et al. v. Goldsmith et al., 204 Okla. 45, 226 P. 2d 916.

The workmen's compensation and employers' liability policy issued to Sam Carpenter, Jr., and/or J. B. Carpenter, on its face designates the claimant as the employer and mentions employees as engaged in operation of tractors, combines and threshers. The policy lists the estimated total annual remuneration of such employees at $2,000, and as a basis of an estimated premium consideration of $100. The premium rate as shown in the policy was $4.99 per $100 of remuneration to employees.

The record herein reflects that the two brothers at the time of procurement of the policy also procured other policies of insurance to cover possible casualty losses on their machines, and public liability arising from the operation of the machines. The premium statement for all the policies reflects a total premium consideration of $289, of which $163 was for the casualty and public liability insurance.

These matters as reflected in the face of the policy and in the premium statements, and the testimony that claimant and his brother each drew a salary of $2,400 per annum and employed two helpers in combine season and one helper at other times, augur against a conclusion that claimant's employment was considered and used in determining the amount of premium paid and received on the policy, or for workmen's compensation insurance. It seems reasonably apparent that the annual remuneration to the two helpers was the basis of the premium consideration paid on the policy, and we find no evidence that claimant's employment was considered and used in determining the amount of the premium paid.

In the Wilkin case, supra, in the first paragraph of the syllabus, it was held:

"Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

The rule is here applicable.

We have considered all the facts presented and are of the opinion that as a matter of law the facts as here presented are not sufficient to bring the claimant's employment under the Workmen's Compensation Law under the provisions of the 1947 Act, or otherwise, and that the State Industrial Commission was without authority to make the award.

Other questions as are presented in petitioner's brief are resolved with this determination.

The award is vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the claim.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur. GIBSON, J., concurs in conclusion.