Junior BURGER and Mrs. A. N. McDaniels, Petitioners,

v.

J. L. LICKLITER and the State Industrial Commission, Respondents.

No. 37633.

Supreme Court of Oklahoma.
Dec. 17, 1957.

Collins & Moore, Sapulpa, Leon J. York, Stillwater, for petitioners.

D. Warren Crisjohn, Yale, A. D. Mason, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On September 1, 1956, J. L. Lickliter, hereinafter called claimant, filed his first

notice of injury and claim for compensation stating that while employed by Junior Burger and Mrs. A. N. McDaniels, a partnership, he sustained an accidental injury arising out of and in the course of said employment on June 9, 1956, when he injured his back. An award was made by the State Industrial Commission in part as follows:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on June the 9th, 1956, consisting of injury to his back, and aggravation of pre-existing arthritic condition.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $28.00 per week; that as a result of said injury, claimant was temporarily totally disabled from June 10, 1956, up to October 2, 1956, for which period of time claimant is entitled to compensation for 16 weeks and 1 day in the total amount of $452.67, which amount has not been paid, and on which date temporary total disability ended.

"That as a result of said injury, claimant has sustained 10 per cent permanent partial disability to his body as a whole, for which disability claimant is entitled to compensation for 50 weeks at $28.00 per week, or the total amount of $1,400.00, of which 6 weeks have accrued to November 12, 1956, and shall be paid in a lump sum of $168.-00 balance of award to be paid at the rate of $28.00 per week from November 13, 1956."

This proceeding is brought by petitioners to review the award. No insurer is listed.

Since this proceeding was commenced in this court claimant has died and proper revivor has been made. Reference shall be continued to the claimant, meaning J. K. Lickliter.

The record discloses that petitioners operated a retail grocery store, a mill where feed is ground, a salvage or junk yard, and a farm. Claimant was not a regularly employed workman at any of the lines of business mentioned, but did such work as petitioners requested of him, and worked for others when not employed by petitioners. He was a carpenter by trade, but worked at anything the employer had to do, including work in the junk yard, where others were employed.

On June 9, 1956 claimant was hired to construct a chicken house near the mill where feed was ground. He testified that his employer told him he was building the chicken house close to the mill so the chickens could pick up the leavings around the mill where they were grinding feed and stuff.

Petitioners present two assignments of error:

"1. The evidence is not sufficient to sustain the order of the Industrial Commission.

"2. The work the claimant was doing at the time of the injury was not within the purview of the Workmen's Compensation Act."

■ The medical reports and evidence upon which the trial commissioner based the findings of fact respecting the injuries of claimant and the award in his favor is competent and sufficient to support the order of the Commission, and will not be disturbed on review. Hazel-Atlas Glass Co. v. Greenwood, 178 Okl. 69, 61 P.2d 639.

■ Our attention is first directed to certain decisions which hold that an employer may conduct different lines, branches or departments of business, some of which are within the Workmen's Compensation Act and some of which are not, and the question to be determined is whether the work at which the employee was engaged when injured is a hazardous occupation within the compensation act. E. M. Mildred Agency v. Yates, 200 Okl. 168, 191 P.2d 581.

■ The finding of the State Industrial Commission on the question of whether the claimant was engaged in a hazardous employment when injured is not binding on this court, but is a question in which the evidence may be reviewed to determine if the employment of claimant was hazardous. McClung v. Colclasure, 197 Okl. 445, 172 P.2d 623.

■ It has frequently been held that the jurisdiction of the State Industrial Commission to award compensation for disability resulting from an injury is confined to employments which are enumerated to be hazardous by the compensation act. It is argued by petitioners that the State Industrial Commission erred in finding that at the time of his injury claimant was engaged in hazardous employment as defined by 85 O.S.1951 §§ 1 and 2.

The claimant testified that he had made a box sill for the foundation of the chicken house and was preparing to run the footings and picked up the sill, that it was all he could do to lift it, and that he stepped on a piece of roller and it throwed him. He was asked how big the object was he was lifting and answered that it was two 2 x 6's nailed together 14 or 16 feet long. We think it apparent from the testimony that claimant was constructing more than a mere chicken coop of temporary character.

85 O.S.1951 § 2, lists as a hazardous employment "buildings being constructed, repaired, moved or demolished, farm buildings and farm improvements excepted." In Griffin v. Holland, 191 Okl. 417, 131 P. 2d 113, 115, the statute just referred to was discussed and it was there held that a steel water tower was a building within the meaning of the statute. The following is quoted from the opinion in that case:

"With reference to the word 'building' we find the following statement contained in 12 C.J.S. Building, p. 378: '* * * that the term is comprehensive, generic, and, in its use, may be ambiguous, having no universal, inflexible meaning which will apply to all cases, but depending for its meaning upon the peculiar facts and circumstances of each particular case, the intention of parties or the aim of a particular statute. * * *'"

■ It is not clear from the record whether or not the feed mill, junk yard and grocery store were on some portion of the farm land, but, assuming they were, we think the exception in the statute, 85 O.S.1951 § 2, of farm buildings and farm improvements does not apply in the present case to the chicken house on which claimant was working; it was constructed for use in connection with the feed mill or store and on land being used for commercial purposes and not for agriculture or farming. The opinion in Mattison v. Dunlap, 191 Okl. 168, 127 P.2d 140, refers to several decisions defining the words "farm" or "farming" and states that what constitutes a "farm" must differ under the particular statute considered or the circumstances in the particular case and holds that the exception in the statute did not apply to a garage being erected in connection with a country home on 20 acres of rough land. See also Lowden v. Jefferson County Excise Board, 190 Okl. 276, 122 P.2d 991.

We think, under the facts and circumstances in the present proceeding, the evidence is sufficient to require and justify the conclusion that claimant was engaged in constructing a building within the provisions of the statute, and that the exception of farm buildings and farm improvements does not apply in the present case.

Petitioners further assert that the fact claimant was engaged in the construction of a building does not necessarily mean that his employment was governed by the Workmen's Compensation Act, and in support thereof cite 85 O.S.1951 § 3, subd. (5), which provides:

"'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

Petitioners cite the case of Jones v. Smith, 202 Okl. 142, 210 P.2d 957, which holds

**598**

that an injured employee, although engaged in a hazardous occupation, does not come within the provisions of the Workmen's Compensation Act, where under the facts shown the employer was not conducting the business for pecuniary gain. The case now before us is distinguished from the preceding case and others relied upon by petitioners in that the employer in the present case was engaged in a trade or business for pecuniary gain. In Denbo v. Roark, 196 Okl. 386, 164 P.2d 977, the employer and insurance company, although primarily engaged in a non-hazardous business, elected to repair a damaged building covered by its policy, and the employer was held liable for injuries to an employee engaged in the repair work because it was carried on by the employer for pecuniary gain within the provisions of the statute.

It is next asserted that the Workmen's Compensation Act does not apply in the instant case because employer did not have more than two workmen employed on the job at the time of the injury. The record and facts do not support the contention. 85 O.S.1951 § 11, provides:

" * * * This Act shall not apply to any employer if he shall employ less than two (2) workmen."

James Lickliter, a son of the claimant, was an employee of the petitioners and at the time his father was working on the chicken house he, witness, was working about one hundred feet away. The claimant testified that his son helped him saw some of the lumber. Mrs. McDaniels, one of the petitioners, in testifying, was asked and answered:

"Q. You have mentioned several businesses, and both you and Mr. Burger are in those businesses, the grocery store, the junk yard, the farming and the mill? A. Yes, we are partners.

"Q. Is there any regular crew that works around the * * * A. Well, part of them are regular, and at times we have odd men hired.

"Q. Do you switch one man occasionally from the junk yard, for example, to the feed mill? A. Well, there are some of them that work both places.

"Q. They work back and forth? A. Yes. * * *

"Q. How many people do you employ? A. Well, we have got about, let's see, two regular men. Two men that work steady. * * *

"Q. They work all over—do various operations? A. They do general work, yes.

"Q. The money that's earned all goes into one common fund, doesn't it? A. Yes."

■■ A finding by the Commission of the number of workmen employed is one of fact, and as such will not be disturbed upon review by this court where there is any competent evidence reasonably tending to support the same. Republic Supply Co. v. Davis, 159 Okl. 21, 14 P.2d 222. We think the evidence shown is competent and reasonably tends to support the finding that the employer had two or more employees.

■ "The Workmen's Compensation Law is remedial and should be construed liberally and as a whole, and all reasonable presumptions indulged in favor of those for whose protection the statutory compensation was fixed and who, by the terms of the act, are deprived of the ordinary remedies open to others whose rights are invaded." Dembo v. Roark, supra.

■ We conclude that the evidence is sufficient to sustain the findings of the Commission and the award based thereon will not be disturbed on review.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, and JACKSON, JJ., concur.

JOHNSON, WILLIAMS and BLACKBIRD, JJ., dissent.