**MID–CONTINENT CASUALTY COMPANY,**
Petitioner,

v.

Brenda Kay MILLER and The State
Industrial Court, Respondents.

**FARMERS INSURANCE GROUP (Truck**
Insurance Exchange), Petitioner,

v.

Brenda K. MILLER, Widow of Ernest John-
ston Miller, and The State Industrial
Court, Respondents.

Nos. 42663, 42664.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Rehearing Denied April 1, 1969.

Watts, Looney, Nichols & Johnson, by H. W. Nichols, Jr., Oklahoma City, for petitioner Mid-Continent Casualty Co.

Savage, Gibson, Benefield & Shelton, by Robert E. Shelton, Oklahoma City, for petitioner Farmers Insurance Group.

Robert H. Sherman, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice.

The question to be determined is the benefit, if any, afforded by two insurance polices to the widow of a deceased employee

under the provisions of the Oklahoma Workmen's Compensation Act.

Tom Day owned the Quality Electric Company in Moore, Oklahoma. Day secured a workmen's compensation policy from Mid-Continent Casualty Company covering the employees of this electrical contracting business, the named insured being Tom Day d/b/a Quality Electric Company. The policy period was from November 25, 1964 to November 25, 1965.

In August, 1965, Day entered into the business of operating a gasoline service station designated as Tom Day d/b/a Skyview Conoco Service Station. The service station was located in the immediate vicinity of the electrical business. At the time Day commenced the operation of the service station, he did not notify Mid-Continent of the new business or request Mid-Continent to include on the Tom Day d/b/a Quality Electric Company policy men employed and working at the service station.

Prior to the expiration date of the Mid-Continent policy, Day secured a policy of workmen's compensation from Farmers Insurance Group covering employees of the electrical company and employees of the service station. The effective period stated in Farmers policy commenced October 5, 1965.

In late August or early September, 1965, Day employed Ernest Johnston Miller to run the service station. Miller was injured on September 27, 1965, by a gasoline explosion at the service station. These injuries were the direct cause of his death on November 17, 1965.

The State Industrial Court entered an award for death benefits against Day, Mid-Continent and Farmers. Mid-Continent (appeal No. 42,663) and Farmers (appeal No. 42,664) prosecute separate appeals to this Court. The case was tried jointly in the trial court and one order entered. The appeals are consolidated for review and disposition. The contentions of the appealing parties will be discussed separately.

On or about October 6, 1965, Day informed an agent of Mid-Continent that he had

acquired the service station and that Miller had been injured. Further, that arrangements had been made with another company to handle Day's compensation insurance. Mid-Continent then sent Day a refund premium check, based on an audit of the Quality Company employees, which did not include Miller's wages, and the check was cashed.

The record discloses that Miller was not listed by Day as an employee of the electric company and Miller's wages were not included by the Mid-Continent in the computation of premiums due on their policy in force at the time of the accident. The record further discloses that the Farmers policy, by its terms, was to be effective commencing October 5, 1965, for a period of one year thereafter. It appears, therefore, that in order for compensation coverage to extend to include Miller's employment at the service station, Mid-Continent must be estopped to deny coverage, 85 O.S.1961, §§ 65.2, 65.3 and/or Farmers policy must be reformed to provide, by its terms, coverage of Miller on September 27, 1965.

■ The employment of Miller at the service station is considered non-hazardous employment within the scope of the Workmen's Compensation Act, 85 O.S.1961, § 2, Skelly Oil Company v. Waters et al., Okl., 348 P.2d 320; Cross v. Brown, Okl., 363 P.2d 935, with exceptions not pertinent here. Under these circumstances, in order to benefit from the estoppel provision, 85 O.S.1961, §§ 65.2 and 65.3, the widow of Miller must show either that Miller was an employee of Quality Electric Company or that an insurance premium was paid, or Day was liable for the payment of a premium, based on Miller's wages. The record will not support such a finding. The order of the Industrial Court did not purport to make a finding that Miller was an employee of the electric company or that Miller's wages were included in either the premium paid or payroll audit by Mid-Continent.

The order of the Industrial Court provides (in finding of fact No. 1) that Miller sustained an accidental injury arising out of and in the course of his employment at the service station on September 27, 1965. As noted above, this occupation and employment is not covered by the compensation act. Finding of fact No. 7 provides the employees of the electric company and the service station, *both having the same address*, worked, or were subject to employment interchangeably, between both the electric company and the service station; further, "that by reason of this arrangement both Mid-Continent and Farmers are estopped to deny coverage."

The employer and owner, Tom Day, testified that the address of the electric company was 2426 North Janeway and the service station was 2430 North Janeway, both in Moore, Oklahoma. The testimony of Day and the agent of Mid-Continent is, summarized, that in early October, 1965 they had a conversation about Day's acquiring the service station, Miller's injury, and the prospect of Farmers taking the insurance on all of Day's activities. The Mid-Continent policy covered only the employees of the electric company. Miller was not employed by the electric company, did no work there and his wages were not included in the premium or audit for the Mid-Continent policy. Miller's employment by Day at the service station, under these circumstances, was not covered by the Workmen's Compensation Act or the estoppel provision. If Miller's wages had been scheduled, considered and used in de-determining the amount of premium paid on the Mid-Continent policy, even accidentally, Miller, or his widow, would be entitled to the benefits of the policy. Barney U. Brown & Sons v. Savage, 208 Okl. 668, 258 P.2d 183. But the burden is upon the claimant to establish by strict proof that she is entitled to the benefits of the estoppel provisions, 85 O.S.1961, §§ 65.2, 65.3, and nothing can be presumed or inferred in this respect. Employers Casualty Co. v. Carpenter Bros., 204 Okl. 312, 229 P.2d 592. The Workmen's Compensation Law, being remedial in its objects and operation, will be liberally construed in favor of those entitled to its benefits. But one must be held to proof that they are in a class embraced within a provision of the act before a liberal construction is applicable or justified. Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014; Employers Casualty Co. v. Carpenter Bros., supra.

It is unnecessary to set out in detail the evidence relating to the Farmers policy. It is sufficient to note that the effective date on the face of the policy, and the application for the policy, covering employees of the service station is from October 5, 1965 to October 5, 1966. The policy period does not cover the date of Miller's injury on September 27, 1965.

The State Industrial Court does not have the power of courts of general jurisdiction to construe and determine liability under contracts, generally, but it is vested with authority to determine the liability of an insurance carrier to an insured's injured employee and, when it becomes necessary as an incident to this determination, to also interpret or construe the policy. Apache Motor Company v. Elliott, Okl., 405 P.2d 705. The power thus granted to the Industrial Court to so interpret or construe an insurance policy, when necessary to properly exercise the authority vested in that body by the legislature, does not confer the equitable power possessed by courts of general jurisdiction to reform an insurance policy. Tri-State Casualty Ins. Co. v. La Fon, 205 Okl. 293, 237 P.2d 124. The terms of the insurance policy issued by Farmers does not afford coverage to Miller at the time of his injury. District courts have jurisdiction in the matter of reformation of a workmen's compensation policy. The State Industrial Court does not possess the power of reformation, and can not exercise that power by the use of interpretation and construction.

An analysis of the facts and applicable law establishes that neither Mid-Continent nor Farmers had a workmen's compensation policy in force affording the claimant

workmen's compensation benefits on September 27, 1965, the date Miller received the fatal injury while working at the Skyview Conoco Service Station. The award and judgment of the State Industrial Court against both insurance carriers is vacated.

All the Justices concur.