**James Elice BILBREY, Petitioner,**

**v.**

**C. C. CHASTAIN and J. K. Chastain and the State Industrial Court, Respondents.**

**No. 41678.**

Supreme Court of Oklahoma.

Sept. 9, 1969.

Rehearing Denied Oct. 21, 1969.

Wayne Campbell, Merson, Campbell & Merson, Oklahoma City, for petitioner.

Walt Allen, Chickasha, Childers & Keller, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

Parties will be referred to as they appeared before the State Industrial Court. Claimant sustained injuries while employed and working for respondents as a laborer on a farm south of Chickasha, Oklahoma on December 31, 1962.

A member of the State Industrial Court, sitting as trial judge, entered an order denying the claim of the claimant for compensation holding that at the time of the alleged accident "respondent was not engaged in a hazardous employment coming within the meaning of the Workmen's Compensation Laws of Oklahoma, therefore, claimant's claim for compensation is hereby denied." The order of the trial judge

was affirmed by the State Industrial Court sitting en banc.

The correctness of the findings made by the State Industrial Court is the sole issue presented to this Court on appeal.

Respondents carried no workmen's compensation insurance covering their employees. Therefore the theory of estoppel provided for in 85 O.S.1961, § 65.2 is not involved.

During the year 1962 the respondents owned and operated as a farm a rural tract of land south of Chickasha. Located on this tract of land was a rock house, granary, barns and other buildings used in connection with the farming operations.

During the years 1962, 1963 and 1964 the principal occupation or profession of the respondent C. C. Chastain was that of a lawyer. He maintained a law office in Chickasha, Oklahoma and actively engaged in the practice of law in the State of Oklahoma and particularly in Grady County, Oklahoma. The respondent J. K. Chastain is his wife.

In addition to the farm property the respondents owned urban property consisting of several lots in the City of Chickasha. Several rental dwelling houses were located on the lots. Rents were collected by respondents from parties occupying the houses. Sometime prior to matters involved herein respondents sold the lots in Chickasha with the understanding they would remove the houses from the lots. Respondents moved the houses from the lots and located them on the farm hereinabove described. After being located on the farm the houses were not occupied but were used for storage purposes. The farm was located directly in the pathway of the Southwestern Turnpike. On June 21, 1962, respondents sold the Turnpike Authority a right-of-way across the farm. The purchase included all buildings on the tract with the exception of a rock house and metal granary. In the agreement respondents were given permission to remove the buildings so purchased from the right-of-

way within a period of 90 days. This time limit was extended.

On December 31, 1962, claimant and a fellow workman were doing work in connection with the demolition of the houses and other buildings. Other men employed by respondents removed the salvaged material to a point away from the proposed right-of-way. Respondent J. K. Chastain testified they hoped to realize from the sale of a portion of the salvage sufficient money to reimburse them for the expense incurred in moving and demolishing the buildings. She testified they received about $278.17 from the sale of part of the salvage. During the demolition work a porch on a house collapsed causing injuries to the claimant.

85 O.S.1961, § 2, as amended, reads in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: * * * buildings being constructed, repaired, moved or demolished, farm buildings and farm improvements excepted; * * *."

 The building being demolished at the time claimant was injured was located on a farm and was being used for storage purposes. The State Industrial Court was without jurisdiction to award compensation to the claimant. Wilson v. O'Donnell, 187 Okl. 8, 100 P.2d 889.

The finding of the State Industrial Court that respondents were "not engaged in a hazardous employment coming within the meaning of the Workmen's Compensation Laws of Oklahoma" is clearly sustained by prior decisions of this Court in cases where the facts are strikingly similar to those involved here.

In Harris v. Wallace, 172 Okl. 349, 45 P.2d 89, a lawyer owned and rented to various tenants two apartment houses. He employed a workman to remodel, paint and redecorate the apartments. The workman while engaged in the work sustained an injury to his knee. He was awarded com-

pensation benefits. On appeal we vacated the award saying:

"* * * Claimant concedes that if the apartments in question had been petitioner's home, that such business as he was engaged in would not be for pecuniary gain as far as the petitioner was concerned. But since, the proof shows that petitioner owned the apartments and was renting them to the public for the purpose of gain and that this repair work was necessary to make said apartments more attractive to prospective tenants, that petitioner was engaged in the business of painting and repairing the apartments for a pecuniary gain within the contemplation of the Workmen's Compensation Act. With this contention we cannot agree. The claimant is not logical in his argument which he makes. It is true that the petitioner operates the apartment houses for pecuniary gain, and in the painting and repairing of these apartments he is acting in furtherance of his effort to acquire pecuniary gain; but under these circumstances the operation of an apartment house is not a hazardous occupation."

In Jones v. Smith, 202 Okl. 142, 210 P.2d 957, a college professor hired the claimant as foreman of a crew to build a four unit apartment house for him. He sustained injury during the progress of the building operations. The State Industrial Commission (now Court) denied his claim for compensation "for the reason that the employment was nonhazardous." We affirmed citing Harris v. Wallace, supra.

Respondents cite and rely on Denbo v. Roark, 196 Okl. 386, 164 P.2d 977. In the case cited an insurance company wrote tornado insurance coverage on a building. The building was damaged by a tornado. Instead of making a cash settlement of the damage the insurance company elected to repair the building and employed claimant, a carpenter, and other workmen to make the repairs. Claimant sustained injuries while assisting in making the repairs. We held that by the election to make the repairs and the making of repairs the insurance company entered into the construction and house repairing business for profit, a hazardous business within the provisions of the Oklahoma Workmen's Compensation Act.

The factual distinction between the Denbo case and the present one is apparent. In the instant case the principal occupation of one of the respondents is the practice of law. Both respondents were also engaged in farming. There is no evidence that either of the respondents were engaged in the business of constructing, repairing, moving or demolishing buildings for pecuniary gain. The main object in demolishing the buildings was to get money from the salvage to help re-coup losses said to have been sustained in the previous transactions.

The State Industrial Court correctly held that at the time claimant sustained his alleged injuries the respondents were not engaged in a hazardous business within the provisions of 85 O.S.1961, § 2, as amended.

Order sustained.

All the Justices concur.