Patricia Viola MARSHALL by Velora Max-
ine Marshall, Plaintiff in Error,

v.

INDEPENDENT SCHOOL DISTRICT NUM-
BER ONE, TULSA COUNTY, and State
Industrial Court, Defendants in Error.

No. 44286.

Supreme Court of Oklahoma.

June 2, 1971.

Mason & Mason, McGee & Hargrave,
Tulsa, for plaintiff in error.

Gene L. Mortensen, Rosenstein, Liv-
ingston, Fist & Ringold, E. D. Hieronymus,
Rhodes, Hieronymus, Holloway & Wilson,
Tulsa, for defendants in error.

IRWIN, Justice.

Patricia Viola Marshall, decedent, was
an employee (a school teacher) of Inde-
pendent School District No. 1, Tulsa Coun-
ty. She attended a teachers' meeting in
Oklahoma City and died as a result of an
automobile accident on her return trip to
Tulsa. We will assume, arguendo, that she
was required to attend the meeting.

Decedent's dependent, Petitioner, filed a
claim for death benefits under the Work-
men's Compensation Law. The State In-
dustrial Court denied the claim on the
grounds that decedent was not engaged in
a hazardous occupation. Presented for re-
view is the order denying death benefits
to Petitioner.

"School district employees engaged
in hazardous employment" are covered by
the Workmen's Compensation Law. 85 O.
S.Supp.1967, § 2. In Board of Education,

Independent School District No. 1, Tulsa v. Wright, Okl., 460 P.2d 422, we held that an employee of a school district, who sustained an accidental injury while performing custodial duties, was not engaged in a hazardous employment. We hold that a school teacher, as such, is not engaged in hazardous employment.

Petitioner contends, however, that this "Court should take judicial notice that travel on high-speed highways is hazardous"; and since the Workmen's Compensation Law covers "motor vehicles operating as motor carriers for the transportation of passengers or property for compensation, or motor vehicles used to transport products manufactured or processed by a business concern", the extension of the statute to include automobiles seems entirely right and feasible.

Petitioner recognizes that an employee is not entitled to compensation benefits for accidental injuries sustained when going to or from work, but argues this rule is not applicable where an employee is going to or returning from a special task or mission at the request of employer. The general rule which Petitioner seeks to invoke in the instant proceeding is followed in the following cases: Allison v. Boling, 192 Okl. 213, 134 P.2d 980 (1943) where the employee was engaged in a hazardous occupation and employer agreed as an incident to the employment, to transport the employee, and the employee sustained accidental injuries on the return trip to his home after performing a special task for his employer; Thurston Chemical Company v. Casteel, Okl., 285 P.2d 403 (1955) where the employee was engaged in a hazardous occupation and was injured on the way to perform a special task for his employer; and Anderson Construction v. Franklin, Okl., 315 P.2d 785, where the employee was engaged in a hazardous employment and was on a special mission at the direction of his employer when he sustained his accidental injuries.

The above cases are not controlling in the case at bar. In those cases the employee was engaged in a hazardous occupation covered by the Workmen's Compensation Law and was performing a special task or mission for his employer when he sustained an accidental injury. In the case at bar, decedent was not engaged in a hazardous occupation.

In Bilbrey v. Chastain, Okl., 459 P.2d 608 (1969) we held that the State Industrial Court has jurisdiction to award compensation only in those instances where the employee has been accidently injured in one of the employments enumerated in and defined as hazardous by the Workmen's Compensation Act.

In Hieronimus v. Phillips Petroleum Company, Okl., 460 P.2d 944 (1969) the claimant was driving a company car to check one of his employer's plants at another city, when he sustained accidental injuries as a result of an automobile collision. The order of the State Industrial Court denying the claimant compensation benefits was sustained by this Court on review. In that case we said that to secure Workmen's Compensation benefits, a workman must at the time of injury be engaged not only in hazardous employment but also in the performance of manual or mechanical work or labor.

We find no statutory authority or Oklahoma decisional law supporting the proposition that an employee, not engaged in a hazardous employment, is covered by the Workmen's Compensation Law if he sustains an accidental injury while operating a private automobile upon the public highways in the furtherance of his employment. Teaching school is not a hazardous occupation and the operation of a private automobile upon the highways in the furtherance of the "teaching profession" is not a hazardous occupation covered by the Workmen's Compensation Law.

We hold that when an employee is engaged in an occupation not covered by the Workmen's Compensation Law and sustains injuries in a private automobile accident while traveling upon the highways in the furtherance of his employment, such

employee is not entitled to compensation benefits under the Workmen's Compensation Law.

Since the decedent was not covered by the Workmen's Compensation Law, her dependent is not entitled to death benefits under the Law.

Order sustained.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.