**GLENWOOD PROPERTIES CORPORATION, Petitioner,**

v.

**Leonard WALKER and the State Industrial Court, Respondents.**

**No. 44955.**

Supreme Court of Oklahoma.

Nov. 30, 1971.

Williams, Warren & Hamill, Oklahoma City, for petitioner.

Carl E. Moslander, Oklahoma City, for respondents.

DAVISON, Vice Chief Justice.

This is an original proceeding to review an award of the State Industrial Court, modified and approved by the State Industrial Court, sitting en banc, allowing the respondent, Leonard Walker, claimant, temporary total compensation and directing the payment of medical expense. Sneed, a respondent in the trial court, but who has not been joined as a petitioner here, will be referred to as "Sneed." Respondent, Glenwood Properties Corporation will be referred to as "Glenwood." The State Industrial Court will be referred to as the "trial court."

Neither of the respondents carried workmen's compensation insurance. The trial court held respondent Sneed primarily liable for the payment of the award and the respondent Glenwood secondarily liable under 85 O.S.1961, § 11. Glenwood alone seeks a review of the award.

Glenwood is a corporation and on the date of claimant's injury was engaged in constructing a six million dollar apartment complex (not including the lot which was owned by Glenwood) composed of forty-five separate buildings containing four hundred fifty-six (456) separate apartment units in Oklahoma City. The record indicates that practically all of the work on said complex was done by subletting the various parts of the work to independent contractors.

Sneed, as an independent contractor, was under contract with Glenwood to do certain framing on the premises. Sneed hired claimant to do carpenter work and while so employed he fell two stories from one of the apartment buildings resulting in

his injury here involved. No question is raised as to the amount of the award.

Glenwood is a corporation organized and existing under the laws of the State of Delaware but domesticated in Oklahoma. The certificate of authority and articles of domestication states that the purpose of the corporation is, "to engage generally in the real estate business, * * to carry on a general construction, building and realty management business as principal, agent, representative, contractor, subcontractor or in any other lawful capacity." (emphasis ours)

While the apartments were being constructed a foreman, employed by Glenwood, was overseeing the work. The foreman interviewed workmen and negotiated contracts with various parties. Glenwood made subcontracts with several different companies and individuals to do actual construction of the buildings. Glenwood employed no workmen, except the foreman on the job and several clean-up men.

James C. Menifee was the president and principal stockholder of Glenwood. The application to the City of Oklahoma City for the building permit covering the proposed construction of the involved apartments showed the said James C. Menifee to be the *general contractor*. (emphasis ours).

It was stipulated by the parties that Glenwood "undertook to erect apartments on this land for the purpose of continuing to own them and to rent them out to tenants."

For reversal, petitioner relies on the cases of Blakely v. Hamby, 187 Okl. 251, 102 P.2d 581; Carpenters & Joiners Local Union No. 1060 of Norman Garmes, 199 Okl. 399, 186 P.2d 836; Jones v. Smith, 202 Okl. 142, 210 P.2d 957; and Standard Savings and Loan Association v. Whitney, 184 Okl. 190, 86 P.2d 298.

We are of the opinion the cases above cited are distinguishable from the case at bar, and not controlling under the facts involved herein. The foundation of the rule in the above cases is the fact hazardous work done was incidental to the non-hazardous business of the principal "but not in the conduct of the same for pecuniary gain."

Under the facts in the present case it is unnecessary to discuss the question of "pecuniary gain." Such a question is important only in cases where the principal is engaged in a non-hazardous business, not compensable under the general provisions of the statute. 85 O.S.1961, § 2.

In the case at bar we find that Glenwood was included under employments covered by the Workmen's Compensation Act. 85 O.S.1961, § 2, to wit: *"building under construction."* (emphasis ours)

We make this finding due to the following facts: (1) Glenwood under its charter of incorporation was authorized to carry on construction and building under authority of its charter; (2) under Glenwood's application to the City of Oklahoma City for the building permit, James C. Menifee, its president and principal stockholder, was named as general contractor; (3) at all times during the construction a foreman employed by Glenwood was overseeing the work and making contracts with subcontractors; (4) the construction work was included in the statute as hazardous.

Sneed's work was also included as hazardous employment under the above statute, to wit: construction work.

The claimant was also doing construction work as a carpenter which is covered as hazardous employment under the above statute. Also see Burger v. Lickliter, Okl., 319 P.2d 594.

We are of the opinion and hold that the finding of the trial court in holding Sneed primarily liable and Glenwood secondarily liable is reasonably supported by competent evidence. 85 O.S.1961, § 11.

Award sustained.

WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.