Larry **SOUTH, Dewey Creek and Jim Hess, d/b/a Built Rite Homes, L.V.S. Builders, and Fireman's Fund Insurance Co., Petitioners,**

v.

**Dennis Ray WILKINSON and State Industrial Court, Respondents.**

No. 50366.

Supreme Court of Oklahoma.

March 28, 1978.

Ben A. Goff, Oklahoma City, for petitioners.

Jerry Sokolosky, Oklahoma City, for petitioner, Built Rite Homes.

William S. Murphy, Oklahoma City, for respondents.

LAVENDER, Vice Chief Justice:

This proceeding for review presents only jurisdictional issues, which evolved from circumstances hereafter summarized.

L.V.S. Builders, Inc., (LVS) was a general contractor engaged in building an apartment project in Wichita Falls, Texas. Built Rite Homes (Built Rite) was a co-partnership composed of Larry South, Dewey Creek, and Jim Hess. January 21, 1975, Built Rite executed a sub-contract to perform all framing work on the project for LVS. Article 5 of the contract provided: " * * * Subcontractor shall hire, supervise, compensate and insure its own employees." The required certificate of insurance furnished by Built Rite had expired a month before claimant's injury.

Claimant had been employed by Built Rite as a carpenter on prior occasions. Early in July 1975, a co-partner (South) hired claimant, with directions to report to LVS's superintendent (Davis) in Wichita Falls, to finish work which was part of the original contract. The superintendent had overall authority to direct the work and claimant had to be available to take orders. Although hired by Built Rite, the superintendent considered claimant his employee in respect to direction, control of work, and right to terminate employment. Claimant was injured (July 11, 1975) in a fall, while installing roof decking necessary to complete the original contract. There is no issue as to fact of accidental injury or entitlement to compensation for permanent partial disability sustained.

Claim for compensation named both Built Rite and LVS as respondents. The latter answered denying the claim and affirmatively alleged lack of State Industrial Court jurisdiction to adjudicate the claim. By cross-petition, judgment was sought against Built Rite, for any liability assessed against LVS by reason of Built Rite's failure to have compensation coverage.

Built Rite adopted the answer denying claim and asserting lack of State Industrial Court jurisdiction. A further defense alleged Built Rite was not an employer, not having two or more employees as required by 85 O.S.1971, § 11.

A trial judge awarded compensation for permanent partial disability resulting from back injury. This order fixed primary liability against subcontractor Built Rite as employer, and found LVS was secondarily liable. On en banc appeal State Industrial Court modified this order, by directing lump sum payment in accordance with parties' stipulation, and affirmed the trial judge's order respecting assessment of liability.

The first issue involves respondents' contention State Industrial Court lacks jurisdiction to adjudicate this claim because Built Rite did not have two employees on date of accidental injury, as required by 85 O.S.1971, § 11 for application of the Act.

The evidence shows both LVS and Built Rite were engaged in building and construction work, defined as hazardous employment under § 2 of the Act. *Glenwood Properties Corp. v. Walker,* Okl., 491 P.2d 286 (1971). Work being performed at time of injury was part of the original contract. Uncontroverted evidence established all co-partners actually were working partners who actually performed manual labor on this project. Built Rite previously had several employees on the job, although only claimant had been working just prior to injury. Another employee (Polk) worked as claimant's helper through Sunday prior to accidental injury the following Friday. This witness had seen several Built Rite employees on the job during this time, and also observed a co-partner (South) directing work on the project.

The argument insists burden was upon claimant to establish the employer had the requisite number of employees, citing *Town of Wellston v. State Industrial Commission,* Okl., 385 P.2d 289 (1963).

Thus, evidence which only showed Built Rite had two or more employees at different times during performance of the contract was insufficient to sustain this burden. Further, no evidence showed any co-partner had actively engaged in manual labor for some time prior to claimant's inju-

ry, which occurred when he was the only employee working on the project. Therefore, no co-partner could be counted as an active employee under § 3(4) of the Act, which provides in part:

" * * * . In all cases when the partner is actually employed in a hazardous occupation as an active worker, said partner shall be counted as an employee for the purpose of determining whether an employee of the partnership is subject to the provisions of the act."

Several decisions are cited and quoted to support the conclusion that only criterion is the number of workmen *actively employed* at the time of accidental injury. Separate review of these decisions discloses distinguishing features.

In *Southwestern Grocery Co. v. State Ind. Comm.*, 85 Okl. 248, 205 P. 929 (1922), the issue was whether a butcher's helper in a retail grocery was in covered employment. The court found operation of a sausage grinder in the meat market did not make the operation a workshop. The decision, however, gratuitously assumed, without deciding, that claimant's duties were not connected with use of the sausage grinder and the grocery did not have requisite two employees. The conclusion stated in this connection is purest dictum, and should be disregarded.

Other decisions also are cited and quoted to support respondents' conclusion. These decisions do not require separate discussion. Except for *Town of Wellston, supra,* each cited case was decided prior to amendment of § 3(4) which qualified status of partners as employees, (Laws, 1959) Ch. 1a, p. 397, by inclusion of language above quoted.

In *Town of Wellston, supra,* deceased was the water superintendent, and the only employee involved in hazardous employment. The only other employee was a night watchman, whose employment was nonhazardous and unrelated to work in water department. Occasional laborers had been employed on prior occasions as casual workmen. Casual or occasional workmen were held not to be counted in determining whether the requisite number of workmen

were employed under § 11 of the Act. Compensation was denied because the town had only one employee engaged in hazardous employment. The factual matters noted distinguish that decision from the present case.

█ Evidentiary matters disclosed herein negate application of the interpretation urged by respondents. Uncontroverted evidence established the co-partners were considered working partners, who actually were employed performing manual labor on the project. Under the statute, § 3(4), a partner who *actually* is employed *as an active employee* in hazardous employment is counted for purposes of requirements of § 11. No reasonable interpretation of the statute indicates "active employment" means actual physical engagement in hazardous employment at the precise time another employee sustains accidental injury.

Decision in *Ohio Drlg. Co. v. State Ind. Comm.*, 86 Okl. 139, 207 P. 314, 25 A.L.R. 367 (1922), also was decided prior to amendment of the statute. However, we consider reasoning in that case persuasive in the present inquiry.

"The character of the business of the partnership brought them clearly within the provisions of the act, and the fact that the members of the partnership performed the labor incident to its business rather than hire other employees to perform the labor it seems in no way hazarded the risk of the insurance carrier or gave it any reasonable excuse for avoiding its obligation to the partnership or to the state."

█ Acceptance of respondents' argument would establish that sub-contracting co-partners could work with a hired employee one day, then leave the job site for other purposes and avoid the statutory obligation of compensation coverage because only one employee was working in hazardous employment. Essentially this is what occurred in the present case. The statute clearly was not intended to permit such a result. We are of the opinion the evidence shows these co-partners actually were ac-

tive employees, and must be counted in determining there was a requisite number of employees specified in § 11, supra.

 Whether Built Rite had the requisite number of workmen to establish applicability of the Act was a question for State Industrial Court determination. That court's adjudication of the question will not be disturbed on review if competent evidence reasonably tends to support such a determination. *Burger v. Lickliter*, Okl., 319 P.2d 594 (1958); *Herron Lbr. Co. v. Horn*, Okl., 446 P.2d 53 (1968). Competent evidence reasonably tends to support State Industrial Court finding that respondent had the requisite number of employees at the time claimant was injured.

■ Having determined Built Rite to be an employer subject to the act as to the prerequisite number of employees, and there being no real dispute in this appeal but that the employment contract between claimant and Built Rite was entered into in Oklahoma with claimant's injury occurring in the course of that employment but without the State of Oklahoma, then Built Rite must be primarily liable for any compensation due its direct employee, the claimant. §§ 4, 11, 50.[1]

Argument is made that since there is no employment contract between the respondent LVS, the general contractor, and the claimant, then there is no extraterritorial authority granted over LVS by § 4. We do not agree.

The contract between the general contractor and the subcontractor is of no importance other than to establish the relationship of LVS as the general contractor and Built Rite as LVS's subcontractor. That relationship is not an issue here. The primary liability of the direct employer through the extraterritorial grant of authority under §§ 4, 50 has already been established. The secondary liability of the general contractor to the claimant comes through § 11. There, an independent con-

tractor is made liable for compensation due, not only his direct employees, but the employees of any subcontractor of that independent contractor. With the determination that the claimant is entitled to compensation from his direct employee, Built Rite, and there being a general contractor-subcontractor relationship between LVS and Built Rite, then LVS, as the general contractor, is made secondarily liable to claimant. § 11. Also see *Glenwood Properties Corporation, supra.*

Award sustained.

HODGES, C. J., and WILLIAMS, BERRY, SIMMS, and DOOLIN, JJ., concur.

---

1. By 1977 legislative enactment, 85 O.S.Supp. 1977, § 50 was repealed, effective July 1, 1978. The statute was in force, however, at time of

claimant's injury and is properly considered in this review.