John A. CROWDER, Appellant,

v.

CONTINENTAL MATERIALS COMPANY, a corporation, and P. C. Davis Company, a corporation, Appellees.

No. 51206.

Supreme Court of Oklahoma.

Jan. 30, 1979.

---

John Board, Ogden, Ogden & Board, Guymon, for appellant.

E. W. Shaw, Mitchell, Mitchell, DeClerck, Cox & Halstead, Enid, for appellees.

DOOLIN, Justice:

Appellant, hereafter plaintiff, brought an action seeking damages for personal injuries, allegedly sustained by reason of defendants' negligent acts of commission and omission. Defendants denied allegations of negligence and pleaded contributory negligence. Defendants moved for summary judgment for lack of trial court jurisdiction, claiming plaintiff's rights were reserved to State Industrial Court under Workmen's Compensation Act, 85 O.S.1971 § 1, et seq. (the Act). After consideration of pleadings and briefs the trial court sustained defendants' motion and granted summary judgment against plaintiff.

Although plaintiff assigns granting of summary judgment as error, the sole issue concerns correctness of trial court's sustention of defendants' motion. The effect of this action was a determination trial court lacked jurisdiction because plaintiff's rights were reserved and determinable under the Act.

Factual background is disclosed by the following summation. The corporate defendants were successful bidders and became general contractors for construction of a school building in Guymon, Oklahoma. Continental Materials Company was actively engaged in the project. Plaintiff, with others of his family, operated as J. A. Crowder Company, and also as a corporate entity. Plaintiff and his son were co-owners, each was empowered to execute contracts, and each received both salary and a percentage of profits from operations.

Plaintiff's company bid the mechanical work, including heating and air conditioning, on the school project. The bid was accepted and a sub-contract agreement was executed February 26, 1973 between the general contractor, defendant Continental, and J. A. Crowder Company, by J. A. Crowder. Insofar as pertinent, this agreement specifically required the sub-contractor to procure and maintain workmen's compensation coverage. A further requirement was procurement of public liability and property damage insurance to protect against, and indemnify the general contractor for loss,

injury or damage to persons or property arising out of sub-contractor's performance of work, or negligence in work performed under sub-contract. A policy extending coverage for workmen's compensation and comprehensive general liability was issued to plaintiff's company.

During construction, plaintiff's company had as many as five workmen on the job and the plaintiff personally participated in the work. One item involved mounting an air conditioning unit over a hole in the roof. Plaintiff laid out dimensions and the hole was cut through the roof decking by the general contractor. The day plaintiff was injured the unit was suspended by a crane, and was being guided into place by plaintiff and other employees. During this proceeding claimant stepped too close to an unsupported edge and fell through the hole onto the floor below, sustaining bodily injuries. Various acts of negligence were charged, in relation to condition of the roof, failure to provide safe place in which to work, and creation of hidden danger.

Presentation of this appeal recognizes the basic issue is whether plaintiff was an employee within meaning and intent of the Act. Three contentions advanced are presented under a general argument, germane portions of which seek to establish plaintiff was not an employee within terms and amenable to Workmen's Compensation Act.

The following recitation sufficiently summarizes plaintiff's arguments. Whether plaintiff was an employee presented a controverted fact question under exclusive language of § 12, and not a proper issue to be decided by summary judgment. Plaintiff was not an employee injured during covered employment. Although plaintiff accepted some compensation benefits this should not control because the result of uninformed election, and payments had been tendered back. Plaintiff was forced into position of barring himself from right to common law action by requirements levied by the general contractor, who neither paid anything nor assumed any liability. Decisions in *Rosamond Construction Company v. Rosamond, 292 P.2d 392 (Okl.1956)* and *McAlester Corporation v. Wheeler, 205 Okl. 446, 239 P.2d 409 (1951)* are cited to support this argument.

*Rosamond* is offered as authority for the claim plaintiff could not be his own employee and entitled to benefits within the meaning of the Act. That decision is distinguishable in that *Rosamond* was *sole* owner of the construction company.

The *Wheeler* case upheld the right to bring common law action because the place of employment was not a workshop within definition of § 3 of the Act. The statements concerning election to accept compensation benefits simply defined requisites for a valid election, by an employee injured during non-hazardous work, for an employer carrying compensation coverage. Conclusions in *Wheeler* are inapplicable to the case now reviewed.

Contention that plaintiff could not be an employer and at the same time an employee amenable to the Act, has been rejected innumerable times since first considered in *Ohio Drilling Company v. State Industrial Commission, 86 Okl. 139, 207 P. 314, 25 A.L.R. 367 (1922)*. In *Stephens Produce Company v. Stephens, 332 P.2d 674 (Okl. 1958)* syllabus 2 states:

"Where a partnership is covered by the Workmen's Compensation Law and one of the members thereof is employed as a regular employee in the work or business in which the partnership is engaged he is entitled to compensation under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., where he sustains an accidental injury arising out of and in the course of his employment."

Also see cases cited in body of that decision, and *Updike Advertising System v. State Industrial Commission, 282 P.2d 759 (Okl. 1955)*.

Section 2 of the Act makes compensation payable for injuries sustained by employees engaged in specified hazardous employments, to wit. " * * * buildings being constructed, repaired, moved * * *." Indisputably plaintiff's injury occurred during performance of hazardous work as defined by statute.

Section 3(3), (4) of the Act defines who are employers and who are employees. J. A. Crowder Co. was the employer under this provision. However, Subdivision (4) excludes members of a partnership from definition of "employee", unless the partnership elects to include any or all of the members for coverage under the policy; and, when so included all members are deemed employees in respect to benefits of the Act.[1] Admissions of fact within interrogatories submitted disclosed plaintiff was engaged in labor on the project. Although the insurance coverage did not list specific employees, it did cover all workers on the jobs.

■ Positive requirements of § 122 of the Act deprive the district courts of any jurisdiction over matters properly within scope of Workmen's Compensation Act. Where a partnership is covered by Workmen's Compensation Act, and a member of the partnership sustains an accidental injury while engaged as a regular employee during covered employment, he is entitled to compensation as an employee of the partnership. See *Stephens Produce Company v. Stephens, supra; Apache Motor Company v. Elliott,* 405 P.2d 705 (Okl.1965).

Recent decision is *Carroll v. District Court of Fifteenth Judicial District Court, Cherokee County,* 579 P.2d 828 (Okl.1978) held:

"The Workmen's Compensation Law of this state, 85 O.S.1951 § 1 et seq., abrogated the common-law right of action for accidental injuries by persons employed in certain hazardous occupations and substituted therefor the remedy embraced in said compensation laws, and made such remedy exclusive. *Wilson & Co., Inc., of Oklahoma v. Musgrave,* 180 Okl. 246, 68 P.2d 846."

"Prohibition is a proper remedy to prevent an inferior judicial tribunal from exercising jurisdiction which it does not possess."

The trial court's finding, in effect, determined plaintiff was an employee of the subcontractor and, when injured during covered employment, was amenable to provisions of the Act.

A further contention asserts plaintiff was an owner-employee supplying insurance coverage without reaping any benefits. Therefore plaintiff should not be forced into position of potentially barring himself from recovery by requirements of a prime contractor who paid nothing and assumed no liability. This argument requires little discussion.

■ Provisions of § 11(1), (2) require every employer subject to the Act to pay or provide compensation. Had the defendant, as principal contractor, failed to require the sub-contractor to provide compensation coverage, the principal contractor would have been secondarily liable. See *Tucker v. King,* 206 Okl. 463, 244 P.2d 840 (1952). In this connection observe *Keeling v. Schuman Bros. Lumber Co.,* 204 Okl. 277, 229 P.2d 193 (1951); *Mid-Continent Pipe Line Co. v. Wilkerson,* 200 Okl. 335, 193 P.2d 586 (1948).

■ Numerous decisions involving the question whether a principal contractor can be sued in a common law action, have reiterated the controlling issue is whether the principal contractor may be held secondarily liable under § 11 of the Act. When the principal contractor must bear secondary liability in event an injured worker's employer does not procure compensation, the workmen's remedy is provided by Workmen's Compensation Act. *Dunn v. Public Service Company of Oklahoma,* 487 P.2d 711 (Okl.1971); *South v. Wilkinson,* 576 P.2d 1173 (Okl.1978) and cases cited therein. No issue is involved as to whether the subcontractor's work was an integral part of work

---

1. This section further provides:
   "In all cases when the partner is actually employed in a hazardous occupation as an active worker, said partner shall be counted as an employee for the purpose of determining whether an employee of the partnership is subject to the provisions of the Act."

being performed by defendant. Insurance coverage secured by the subcontractor was required by law, and not by requirement of the general contractor.

Plaintiff also asserts the indemnity agreement, set forth in the subcontract, does not specifically cover the primary contractor's negligence. Already having determined plaintiff's exclusive remedy was under Workmen's Compensation Act, we do not consider argument concerning unenforceability of contracts of indemnity.

JUDGMENT AFFIRMED.

All the Justices concur.