William Lincoln **BOWMAN**, Petitioner,

v.

**SPORTSWORLD DEVELOPMENT and the Workers' Compensation Court,** Respondents.

No. 78915.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 1, 1992.

---

Albert M. Morrison, Oklahoma City, for petitioner.

James C. Ferguson, and Thomas C. Ferguson, Jr., Kimball, Wilson, Walker & Ferguson, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

Claimant William Lincoln Bowman was injured in an automobile accident which occurred while Bowman was engaged in the business of Sportsworld Development, Inc. According to the uncontroverted evidence, at the time of Bowman's injury, Sportsworld had workers' compensation insurance through the Oklahoma Retail Merchants Group Self Insurance Association (Insurer). In addition, Bowman conceded he owned more than ten per cent of Sportsworld's stock. Finding Bowman was excluded from workers' compensation coverage by 85 O.S.1991 § 3(4), the trial court denied his claim.

■ At the outset, Bowman argues Insurer was estopped to deny coverage because Insurer presented no evidence that salary paid to Bowman as "general manager" was not included in calculating the premium. Under 85 O.S.1991 § 65.3, every person upon whom an insurer collects a premium or whose employment is considered in setting the premium is conclusively presumed to be covered by the policy. The claimant has the burden of proving the facts necessary to raise this conclusive presumption. *Mid–Continent Casualty Company v. Miller,* 451 P.2d 932 (Okla.1968). Bowman produced no evidence that Insurer considered any salary paid to Bowman as "general manager" in determining the premium. To the contrary, Insurer's evidence indicated salary paid to Bowman was excluded in making premium determinations. On this record, Insurer was not estopped to deny coverage.

■ Bowman also argues he is covered because his employment by Sportsworld at the time of his injury was beyond his capacity as an owner. Citing *Updike Advertising System, Inc. v. State Industrial Commission,* 282 P.2d 759 (Okla.1955), Bowman claims his service as "general manager" qualifies him as an "employee" even though he owns more than ten per cent of Sportsworld's stock. The dual capacity doctrine allows a business partner to be covered for workers' compensation if the partner is a regular employee in the work or business in which the partnership is engaged. *Crowder v. Continental Materials Company,* 590 P.2d 201 (Okla.1979).

Insurer argues *Updike* and *Crowder* do not apply under these facts and under current Oklahoma law. Effective July 1, 1978, the Legislature excluded "[s]ole proprietors, members of a partnership or any

stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation" from the definition of employee unless they elected to include such persons "by endorsement to the policy specifically including them." 85 O.S.1991 § 3(4). The evidence is uncontroverted that Bowman was advised of this exclusion and elected not to be specifically included, although Sportsworld did specifically include another stockholder-employee who was working as "general manager."

This exclusion did not exist when *Updike* was decided, and the *Crowder* Court applied 85 O.S.1971 § 3(4). Although the 1971 statute excluded partners unless the partnership elected to include "any or all of its members as employees ... by endorsement to the policy specifically including them," the statute also provided that a partner "actually employed in a hazardous occupation as an active worker" was to be treated as an employee. Because Mr. Crowder personally participated on the construction job and the policy covered "all workers on the jobs," the Court concluded the exclusion did not apply. *Crowder*, 590 P.2d at 204.

We agree that *Updike* and *Crowder* do not apply. Under the legislative scheme applicable to Bowman's claim, a stockholder-employee who owns ten percent or more of the stock of the employing corporation is not an "employee" for workers' compensation purposes unless specifically endorsed as such. No such endorsement appears in this record.

Bowman has not demonstrated the trial court erred as a matter of law or that its order lacks evidentiary support. Therefore, the trial court's order is sustained. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

SUSTAINED.

GARRETT and JONES, JJ., concur.