**DEAN'S WELL SERVICE, Petitioner,**

v.

**Johnny LANE and the Workers'
Compensation Court,
Respondents.**

No. 78819.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 6, 1992.

Certiorari Denied Dec. 15, 1992.

Greg James, Oklahoma City, for petitioner.

Richard A. Bell, Norman, for respondents.

MEMORANDUM OPINION

JONES, Judge:

The questions to be resolved in this review are whether the Workers' Compensation Court had jurisdiction to add a previ-

ously dismissed party, and whether the Court's findings were supported by competent evidence. We construe the issue in this case as whether a secondarily liable employer becomes liable to pay workers' compensation benefits to a claimant when the primarily liable employer files bankruptcy and the first insurance carrier proves to be non-existent. We answer in the affirmative.

On June 8, 1989, after suffering an accidental injury to his back and leg, Claimant, Johnny Lane, filed a Form 3 listing Dean's Well Service as his employer. He later amended the Form 3 to include Alliance Temporary Services.

Alliance Temporary Services was an employment agency, which specialized in leasing employees to companies for a fee. In its Answer, filed on July 13, 1989, Alliance stated that Claimant was its employee, and that he was leased to Dean's Well Service. Alliance asked that Dean's Well Service be dismissed from the action. The State Insurance Fund also moved to dismiss.

On September 26, 1989, the trial court issued an order dismissing Dean's Well Service and the State Insurance Fund from the action stating they were both improper parties.

On October 30, 1989, with Dean's Well Service out of the litigation, the Court issued a second order awarding temporary total benefits to be paid by Alliance and its carrier, Corporate Underwriters, Ltd. The Court did not rule on permanent disability, but specifically reserved that issue for a future hearing.

On April 15, 1991, the Court issued a third order granting Claimant's request to reinstate Dean's Well Service into the action due to the bankruptcy of Alliance Temporary Services and because Corporate Underwriters proved to be non-existent.

On July 18, 1991, the Court issued a fourth order finding the Claimant was an employee of Dean's Well Service and that he sustained 16% permanent partial disability and ordered a lump sum payment of $13,840.00 to be made by Dean's Well Service.

Dean's Well Service submitted the decision to a Three–Judge Panel for review. The Panel affirmed the trial court's order, and ordered Dean's Well Service to pay the award, plus interest, at the rate of 18% per year on the accrued portion of the award.

Dean's Well Service contends the Court's third order, issued on April 15, 1991, was in error because, after it was dismissed, the Court was divested of jurisdiction to enter further orders against Dean's Well Service.

■ The Workers' Compensation Act defines the scope of liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under the Workers' Compensation Act, when other than the immediate employer of the injured employee, as follows:

1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor or such independent contractors, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, employees of the independent contractors, subcontractors, or other employees engaged in the general employer's business.

2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workers' Compensation Act of this state, by his or their independent contractor, then *such employee may proceed against such principal employer* without regard to liability of any independent, intermediate or other contractor. Provided, however, in any proceeding where compensation is awarded against the principal employer under the provisions hereof, such award shall not preclude the principal employer from recovering the same, and all expense in

connection with said proceeding from any independent contractor, intermediate contractor or subcontractor whose duty it was to provide security for the payment of such compensation, and such recovery may be had by supplemental proceedings in the cause before the court or by an independent action in any court of competent jurisdiction to enforce liability of contracts.

85 O.S.1985 § 11. (Emphasis added.) Claimant was the direct employee of Alliance Temporary Services, an independent contractor. Alliance was Claimant's immediate employer. Dean's Well Service was the principal employer. Dean's Well Service was engaged in the business of oil field servicing. The accident occurred during the performance of Alliance's agreement to provide contract labor services to Dean's Well Service. As immediate employer, Alliance was primarily liable to pay benefits to Claimant for his accidental injury. Dean's Well Service was only secondarily liable. Secondary liability of the general contractor is established by the above § 11. *South v. Wilkinson*, 576 P.2d 1173, 1177 (Okl.1978).

 The relevant test to determine the secondary liability of a principal employer is whether the employee of the subcontractor is engaged in work that is a "necessary and integral" part of the principal employer's business. *W.P. Atkinson Enterprises, Inc. v. District Court*, 516 P.2d 541 (Okl. 1973). In the instant case, the employee of the subcontractor, Alliance, was engaged in oil field servicing activities, a "necessary and integral" part of the principal employer's business. Dean's Well Service was therefore secondarily liable.

When the first claim was filed, both employers were named as Respondents. Once the Court determined Claimant's immediate employer was in compliance with the Workers' Compensation Act, it dismissed Dean's Well Service as it was only secondarily liable. The trial court did not know that Dean's Well Service failed to require that Alliance comply with the Workers' Compensation Act as required by 85 O.S.1985 § 11(2). When Claimant learned of the bankruptcy and the fact of Corporate Underwriter's non-existence, he filed the motion to add Dean's Well Service to the action.

 Because Dean's Well Service did not follow the requirements of § 11(2), it became liable to pay the workers' compensation benefits of Claimant, and was properly brought into the action on April 15, 1991, on the issue of secondary liability. Claimant had the right to proceed against Dean's Well Service. The Workers' Compensation Court did not abuse its discretion by bringing Dean's Well Service back into the action. The award must be sustained.

SUSTAINED.

ADAMS, P.J., and GARRETT, J., concur.