Dear Representative, Dunegan
¶ 0 This office has received your request for an Attorney General Opinion in which you have asked, in effect, the following question:
 When an owner-employee owns over ten percent (10%) of the shares in a corporation which operates as a subcontractor for another corporation in which he or she also owns shares, is the owner-employee required to obtain workers' compensation insurance on himself? If not so required, is the owner-employee required to provide proof of his or her exemption from coverage?
¶ 1 Employment is covered by the Workers' Compensation Act, Title 85 of the Oklahoma Statutes, unless specifically excluded.See 85 O.S. 1991, §§ 2.1[85-2.1] to 2.5 and Supp. 1997, § 11; seealso Lang v. Landeros, 918 P.2d 404, 405 (Okla.Ct.App. 1996);Nelson v. Bradshaw, 791 P.2d 485, 486 (Okla.Ct.App. 1990). An owner-employee who owns more than 10% of the shares in a corporation is specifically excluded from the definition of "employee" under the Workers' Compensation Act, and is therefore not required to carry workers' compensation insurance coverage on himself. 85 O.S. Supp. 1997, § 3[85-3](6); see also Crowder v.Continental Materials Company, 590 P.2d 201, 203 (Okla. 1979);Bowman v. Sportsworld Development, 837 P.2d 938, 939-40
(Okla.Ct.App. 1992).
¶ 2 Normally, under the Workers' Compensation Act, if a subcontractor does not carry workers' compensation insurance on an employee, the prime contractor must cover that employee. 85O.S. Supp. 1997, § 11[85-11](B). However, if the owner-employee is not required to carry compensation on himself, that person "may
apply to the Commissioner of Labor for a `Certificate of Non-Coverage Under the Workers' Compensation Act.'" 40 O.S.Supp. 1997, § 415.1[40-415.1](A). If the Commissioner finds that an owner-employee is exempt from the Workers' Compensation Act definition of employee, the certificate is issued to the owner-employee. 40 O.S. Supp. 1997, § 415.1[40-415.1](B). The owner-employee in turn files it with the corporation. In such a case, the corporation would not be required to obtain insurance covering the owner-employee under the Workers' Compensation Act, and the corporation relying on that certificate is not liable.85 O.S. Supp. 1997, § 11[85-11](B)(2).
¶ 3 Use of the word "may" in the statute usually signifies permissive, rather than mandatory action. Atkinson v. HaliburtonCompany, 905 P.2d 772, 776 (Okla. 1995); Tate v.Browning-Ferris, Inc., 833 P.2d 1218, 1229 (Okla. 1992). Therefore, there is nothing mandating the owner-employee to obtain such a certificate. Whether a certificate is obtained is a question which must be resolved between the owner-employee and the corporation.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 As an owner-employee owning more than ten percent (10%) of the shares in a business performing subcontracting duties for another corporation in which he or she also owns shares, the owner-employee is not an "employee" under the Workers' Compensation Act, and is not required to be covered under the Act. 85 O.S. Supp. 1997, § 3(6). If the owner-employee does not elect coverage, proof of this exemption from coverage may be obtained in the form of a certificate issued by the Commissioner of Labor, but the owner-employee is not required to obtain the certificate. 40 O.S. Supp. 1997, § 415.1(A) (B).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 DAN CONNALLY ASSISTANT ATTORNEY GENERAL